# UNITED STATES DISTRICT COURT OR THE WESTERN DISTRICT OF TENNESSE AT MEMPHIS

| | | |
|---|---|---|
| PAMELA MOSES, | } | |
| and TAJ' MOSES | } | |
| **PLAINTIFF** | } | |
| | } | CASE NO. #_____ |
| | } | **JURY DEMAND** |
| VS. | } | |
| PHYLLISS GARDNER | } | |
| Inclusive, Jane or John Doe | } | |
| **Defendants** | } | |

## COMPLAINT

Pamela Moses, for her cause of action herein, states as follows:

### INTRODUCTION

Comes now the plaintiff, Pamela Moses, by and through herself pro se in the above entitled cause brings this action for slander, libel, defamation and false light, malicious prosecution, wrongful use of civil proceedings, invasion of privacy and intentional infliction of emotional distress against Defendants based upon, in which plaintiff respectfully prays that this court enter judgment granting plaintiff aver as follows:

(a) Will accept jurisdiction of this complaint.

(b) Will issue service of process upon the Defendant with deliberate speed.

(c) Allow Plaintiff to further amend complaint.

(d) Plaintiff hereby demands a jury trial on all trialable issues

1

## Jurisdiction & Venue

This is a civil action seeking damages and Injunctive relief for Intentional Infliction of Emotional Distress, Slander, Defamation, Abuse of Process, Interference with Economic Advantage, Invasion of Privacy, and Malicious Prosecution under the Common laws and TN and Federal Laws 28 U.S. Code § 1336 -153.

The plaintiff resides in Memphis TN Shelby County and is a single mother of two minor children.

The court has jurisdiction pursuant Rutherford v. Columbia Gas, 575 F.3d 616, 619 (6th Cir. 2009)

   This court has personal jurisdiction and specific jurisdiction over Defendant because all acts were committed in Memphis, TN and Shelby County causing injury to Plaintiff Pamela Moses and Taj' Moses in Memphis, TN and defendants frequently solicit or doing business in Tennessee, and /or derive plentiful revenue from goods used or services rendered in Tennessee and expect their illegal conduct to have consequences in Tennessee and derive considerable revenue from interstate commerce. In addition, Plaintiffs Pamela Moses principal place of residence is in Memphis, TN in this District and have been injured in Tennessee by Defendant malicious infringing conduct.

15. Venue is proper in this District pursuant to 28 U. S. C. § 1336,153, 1391 (b) (c) and 1400 (a).

## Introduction

1. Over the past 7 months I have endured a continual harassment, defamation, slander, and due to the continual improprieties of a sitting judge who falsely imprisoned me.

2. All legal matters surrounding the false arrest and false imprisonment rulings are not relevant to this complaint.

3. This complaint is being filed for emergency injunctive purposes and it is not being filed in response to any legal decision or rulings but to the unsubstantiated, false, allegations publicly made against me and my family name.

4. The emergences of these non-sensical accusations have damaged my reputation, brand, and family name.

5. The false statement have caused me to lose employment, be falsely targeted as a terrorist, and now have me in fear of me and my children's life.

6. Defendant did make written and oral statements against Pamela Moses that were untrue.

2

7. Defendant is a public figure and an elected sitting judge who has continually manipulated and circumvented the legal due process of pro se litigants who have appeared before her, including denying Plaintiff Due Process, and removing Appeal form from files.

8. Defendant has threatened other litigants, attorneys, and intimidated persons over the past years when they have cases before her court and she has an interest at stake.

9. Defendant's actions entail a systematic unpracticed that is finalized to intentionally dismiss valid claims of litigants who are Plaintiff's in General Sessions' court. Most of the cases she intimidates litigants and their attorneys deal with Glankler Brown' Law firm.

10. Glankler & Brown Law firm has been the Treasurer of Defendant's campaign for the past 2 terms and has donated substantial amounts to her campaign. (See Attachment)

11. Defendant has willfully engaged in retaliatory conduct against Plaintiff that has affected her adversely {for trying to appeal her cases and filing complaints with the Board of Judiciary and being witnesses against Defendant}

12. On 9-9-2014, Plaintiff was served with an Official Court Document of Order of Protection against Phyllis Gardner signed by a Judicial commissioner Michael Cross{which could have me arrested at any time}.

13. The "exparte" Temporary Restraining Order entailed a typed written and signed affidavit provided by the Defendant. This affidavit was not produced with any supporting documentations but entailed slander and blatant lies as follow:

    I. **Plaintiff has "stalked" Phyllis Gardner.**
    II. **Plaintiff was held in contempt for "impersonating someone".**
    III. **Plaintiff has violent anger issues, and ready access to "firearms".**
    IV. **Plaintiff has "substance abuse" issues.**
    V. **Plaintiff has "mental health history".**
    VI. **Plaintiff approached Defendant and supporters "yelling loudly causing quite a disturbance on 7-19-2014".**
    VII. **Plaintiff engaged in loud disruptive behavior and was barred from entering a swearing in ceremony.**
    VIII. **Plaintiff has filed numerous, groundless civil complaints against Petitioner "naming her as a party".**
    IX. **Defendant has told Shelby County Sherriff Officers that Plaintiff is a "Moorish Citizen and squats in houses and is trouble everyone should stay away from her".**

14. Defendant has made these inflammatory statements available to the public in writing and they are not true nor are the substantiated by any written or supporting documentation or independent witnesses.

15. Defendant actively engages in, promoting and inducing this false information which is slander and defamation defined by Tennessee Statue and Federal Laws.

16. Defendant has knowingly and actively engaged in a criminal and civil conspiracy against Plaintiff and is enlisting the assistance of Shelby County employees to continue to harass, stalk, and intimidate Plaintiff.

17. Defendant know that as a sitting judge is supposed to be a respectable person and is trusted as an officer of the court yet she has provided a substantial amount of false information to place fear in the community, and by making these false statements in has deliberately caused intentional infliction of emotional distress on Plaintiff.

18. Defendant has deliberately chosen to go to an agency that deals primarily with "family domestic issues" to make false statements against Plaintiff because other Circuit and Chancery Court judges have recused themselves with Plaintiff and are aware of Defendant's continual bad acts and improprieties.

19. Defendant knew she could not legally obtain a TRO from Chancery or Circuit court because of the recusal, lawsuits, and the pending complaints filed against her with Board of Judiciary so she deliberately manipulated a former friend who worked with her in the prosecution office who is now a Judicial Commissioner named Michael Cross.

20. Defendant is not in fear of Moses because the incidents she alleged she failed to even contact law enforcement, she illegally obtained the TRO from Cross in hopes to have Plaintiff falsely arrested again.

21. Defendant has only filed 2 police reports in the past 10 years and none of them list Plaintiff Moses as a suspect of a crime of stalking.

22. Due to all pending legal matters have been recused and referred to the Court of Administrations in Nashville, TN to assign a special judge to adjudicate those matters involving Plaintiff ; to ensure that no Due Process violations occur and that Plaintiff receives an impartial tribunal.
23. Moreover Defendants official misconduct has permitted her to step outside her official capacity and seek an unnecessary restraining order to cause Plaintiff irreparable harm.
24. Defendant's conduct continues to alarm Plaintiff and cause irreparable harm.

## NATURE OF THE ACTION

### (Count I Defamation)

**TCA 28-3-104. Torts; persons**

*"A claim for common law defamation may be based upon written (libel) or spoken (slander) words." Battle, 837 F. Supp. 2d at 770 (citing Quality Auto Parts Co., Inc. v. Bluff City Buick Co., 876 S.W.2d 818, 820 (Tenn. 1994)). A claim for false light invasion of privacy often overlaps with a defamation claim, but "the differences between the two torts warrant their separate recognition." West v. Media Gen'l Convergence, Inc., 53 S.W.3d 640, 645 (Tenn. 2001). Nevertheless, "[i]n recognition of the kinship between defamation and false light, the Tennessee Supreme Court [in West] defined the contours of the tort of false light with reference to the Tennessee law on defamation." Seaton v. TripAdvisor, LLC, 2012 WL 3637394, at \*3 (E.D. Tenn. Aug. 22, 2012)*

*"Tennessee courts have long recognized libel as the 'greater wrong,' and that recognition is evident in Tennessee's differing statutes of limitations for slander and libel." Watson v. Fogolin, 2010 WL 1293797, at \*4 (Tenn. Ct. App. April 1, 2010).*

25. Plaintiffs incorporated by reference paragraphs 1-22 as if set forth herin. Broadly defined, this is an intentional false communication, which is either published in a written form **(libel)** or spoken **(slander)**,that injures one's reputation.

26. Under Tennessee law, a claim for common law defamation may be based upon written (libel) or spoken (slander) words.

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;

(2) Deleted by 2014 Pub. Acts, c. 618, § 1, eff. July 1, 2014.

(3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and

(4) Actions for statutory penalties.

(b) For the purpose of this section, in products liability cases:

(1) The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product;

(2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and

(3) Under no circumstances shall the cause of action be barred before the person sustains significant injuries based upon Defendant Gardner knowingly issuing additional statements over the past 7 month.

**27.** These statements included that "Pamela Moses was a Moorish and Sovereign Citizen who squats in houses". None of these statements made by Defendant had been substantiated by any corroborating evidence or witnesses.

**28.** These untrue statements were told to Shelby County Sherriff Officers who in returned officially told other officers who subsequently marked and targeted Moses for harassment and an unjustified heightened security threat when in the spotted in Downtown area of Memphis.

**29.** Moses was also stopped by an un-marked car near a gas station near her home by a SCSO officer who knows her personally and warned to be careful because she was on some sort of anonymous terrorist list by the Shelby Homeland Security and he was concerned about her. Many of the claims surrounding Moses being a sovereign and Moorish citizen were made by the Defendant and told via internal Memos and radio communications to several SCSO who then continually attempted to escort, harassed, and intimidated Moses even with her small 6 year old child when recognized and identified.

**30.** The harassment elevated to the level where false panic alarms were hit on 8-6-2014, which in return caused 15 armed SCSO to run and attempt to apprehend Moses when they realized it was Plaintiff they were reaching for guns inside of 140 Adams outside Judge Childer's court room in the hallway {formal ethics complaint was filed} Based upon theses statement Moses was placed on an internal terrorist watch list where her pictures was circulated around all county buildings and a heighten security presence of code RED would occur any time she is spotted in the downtown area.

31. Plaintiff precisely accounts 1 instances where she was standing outside the court house speaking with an attorney was asking for her to do legal research for him when SCSO Esserex came up and told him not to talk to Moses because she was a Sovereign citizen who squats in houses and that she was big trouble and if he didn't want any problems he should stay away from her.

32. These statements were made and given under the direction instruction of Defendant.

### (Count II. Malicious Prosecution or Abuse of Process.)

*The elements of wrongful use of civil proceedings are: (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings; (2) by, or at the instance, of the plaintiff; (3) the termination of such proceedings in defendant's favor; (4) malice in the institution of such proceeding; (5) want or lack of probable cause for the proceeding; and (6) the suffering of damage as a result of the proceeding. D'Angelo v. Mussler, 290 S.W.3d 75 (Ky. Ct. App. 2009).*

33. A "malicious prosecution" is a criminal or civil lawsuit which is entirely without merit, and which is brought for a reason (such as, to harass or annoy) other than to seek a judicial termination of the claim, and where the defendant secures a favorable determination. The use of the legal process to intimidate or to punish the person against whom the suit is brought is generally referred to as "abuse of process."

34. Defendant did swear under oath all the statements listed above and sought a temporary restraining order to maliciously prosecute and harm Moses.

### (COUNT III. Invasion of Privacy.)

*As for a false light invasion of privacy claim, the Tennessee Supreme Court in West, after recognizing that cause of action, also held that the same statute of limitations as a corresponding defamation claim controls. "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do. In performing this ventriloquial function, however, the federal court is bound by ordinary principles of stare decisis. Thus, when a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, and on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue. Rutherford v. Columbia Gas, 575 F.3d 616, 619 (6th Cir. 2009) (emphasis added) (quoting Wankier v. Crown Equip. Corp., 353 F.3d 862, 866 (10 th Cir. 2003)); see also Evanston Ins. Co. v. BioPort Corp. 2008 WL 1732963, at \*2 (W.D. Mich. Apr. 10, 2008) (decision by the Sixth Circuit deciding a question of Michigan law is binding authority on district courts in the Sixth Circuit*

7

35. This refers to the unlawful use or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities.

36. Defendant did knowingly invade Moses Privacy.

### (COUNT IV Conspiracy.)

A conspiracy is an agreement between two or more persons to commit an illegal, unlawful, or wrongful act.

33. Defendant did participate in exparte communication with different attorneys which in return contributed to the cycle of all events that did occur prior to the filing of this complaint. Defendant did conspire with certain Homeland Security and Shelby County Sherriff officers to paint Plaintiff in a negative light to heighten a sense of security to intimidate, detain and harass Moses over the past 7 months.

### (COUNT V Interference with Contract or Economic Advantage.)

This is based on the commission of an act with the intent to interfere with or cause a breach of a contract between two people, or hinder a business relationship, which exists between those persons.

34. Defendants untrue statements both written and verbal caused Moses to lose to Shelby County employment positions, one with the Election Commission the other with the Shelby County Law Library.

### (COUNT VI Intentional or Negligent Infliction of Emotional Distress.)

*Intentional infliction of emotional distress is established by satisfying four elements: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe. Stringer v. Wal-Mart Stores, Inc., 151 S.W.3d 781, 788 (Ky. 2004). Plaintiffs' instituting this lawsuit fails to rise to the level of outrageous and intolerable conduct. Thus, plaintiffs are entitled to summary judgment on this specific count.*

This tort is based on the commission of some outrageous act that results in severe mental or emotional anguish of another. This includes conduct that placed Moses and minor child lives in danger, or may endanger life or health, gives offense to the senses, violates the laws of decency, or obstructs, or may obstruct, the use and enjoyment of property.

**35.** Defendant did make these statements to place Moses in fear of being arrested because she lied to obtain an order of protection.

**36.** Plaintiff Taj' Moses did have nightmares because of the continual confusion of thinking the Sherriff was going to kill his mommy

**37.** Plaintiff Taj' Moses did wet the bed the day the Sheriff anonymously appeared at his home looking for his mommy.

Plaintiff Taj' Moses was raised to trust and like the police and is now terrified when he sees police.

**38.** Plaintiff Taj' Moses was given a junior Sherriff badge by Sheriff Bill Oldham and had a sense of security and importance by wearing it to school daily. He thought he was a real child sheriff with powers because that is what he was told when he gave him the badge. Plaintiff Taj Moses now hates the Sheriff and told mommy he didn't want to be a sheriff anymore because they want to hurt his mommy.

**39.** Plaintiff Taj' Moses woke up again from a nightmare on 9-11-2014 screaming and crying stating the Sherriff was trying to get him.

### (Injunction Requested)

Plaintiffs request that an order by a court requiring the defendant to refrain from doing all specified acts listed:
A. Making or swearing false unsubstantiated statements.
B. Filing any documents or cases against Plaintiff that are not filed in this United States District Court
C. Instructing in Shelby County Sheriff to harass, detain or arrest Plaintiff.
D. Contacting or making any contact with Plaintiff or Plaintiff's family or friends
Any contact should be directed to the court in regards to Plaintiff.

## CONCLUSION

Plaintiff's claims are based upon defamatory statements that were written and stated in public to various Shelby County employees and citizens of Memphis. As such, Plaintiff is in fear of her and her child's life because the level of absurdity that has risen from elected officials and law enforcement. Plaintiff respectfully request an emergency hearing for the injunction to halt any pending civil or criminal matters involving Defendant be transferred to this court including the temporary restraining order that is scheduled for 9-23-2014. Plaintiff fears if this court does not intervene and remove the illegally and improperly filed matter that she may be dead or falsely arrested before that court date.

## CLAIMS FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants as follow:

1. For a declaration that Defendants has committed perjury, and willfully slandered, defamed, intentionally inflicted emotional distress against Plaintiffs and her children directly and indirectly.
2. Plaintiff reserves the right to amend this complaint if needed because she is not an attorney and is representing herself
3. Plaintiff request if this honorable court sees fit due to Plaintiff's indigence status to appoint counsel to represent her.

4. A Fiat is attached requesting an exparte hearing within 72 hours.

5. For a permanent injunction requiring that Defendant to cease and desist from mentioning Plaintiff's name in any shape form or facet including filing documents against her in any Shelby County Court that does not have a Special Appointed Judge from the Tennessee Court of Administration to preside over any matters. For all of Defendant's agents, servants, employees, officer, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them cease directly or indirectly from making contact with Plaintiff infringing constitutional rights, or causing, enabling, facilitating, encouraging, promoting and inducing, or participating in the acts against Plaintiff and her children that could cause harm or personal injuries whether now in existence or hereafter created.

6. For statutory damages pursuant to any U.S.C. §. Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504 (b), for actual damages plus Defendants' profit from defamation, as will be proven at trial.

7. For Defendant's to pay Plaintiffs 'cost including reasonable fees pursuant to17U.S.C.§ 505.

8. For pre-and post-judgment interest accordance to law.

For such other and further relief as this honorable Court may deem just, fair, and proper.

September 11, 2014

Respectfully Submitted,

Pamela Moses

P.O. Box 80564

Memphis, TN 38108

901-907-0256

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the above complaint and Request for emergency exparte Hearing, and Affidavit to plaintiff or plaintiff's attorney, 404 Wellington Cove, Memphis, TN 38117-4000, on this 11th day of September, 2014.

X *[signature]*

12