IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PAMELA MOSES and
TAJ' MOSES,

    Plaintiffs,

vs.                                            No. 14-02706-SHL-dkv

PHYLLISS GARDNER[1] and
JANE or JOHN DOE,[2]

    Defendants.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

On September 12, 2014, the *pro se* plaintiffs, Pamela Moses and Taj' Moses (collectively "Moses"), filed a complaint against the defendants Judge Phylliss Gardner ("Judge Gardner") and Jane or John Doe[2], alleging slander, libel, defamation, false light, malicious prosecution, wrongful use of civil proceedings, invasion of privacy, and intentional infliction of emotional distress. (Compl., ECF No. 1.) On September 22, 2014, the

---

    1 The correct spelling of defendant Gardner's first name is "Phyllis." The clerk is directed to correct the name on the docket sheet.

    2 Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against Jane Doe or John Doe defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that the complaint be dismissed against Jane or John Doe.

court issued an order granting Moses leave to proceed *in forma pauperis*. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

## I. PROPOSED FINDINGS OF FACT

Moses's complaint alleges that "[o]ver the past 7 months [Moses] has endured a continual harassment, defamation, slander, and . . . improprieties" from Judge Gardner. (Compl. 2, ECF No. 1.) According to Moses, Judge Gardner engaged in retaliatory conduct against her because Moses "appeal[ed] her cases and fil[ed] complaints with the Board of Judiciary". (*Id.* at 3.)

Further, on September 8, 2014, Judge Gardner petitioned and was granted a temporary order of protection against Moses by the Criminal Court of Shelby County, Tennessee. (ECF No. 1-1.) The petition sets forth seven grounds for issuance of the order or protection. (*Id.*) In her complaint, Moses disputes the validity of the grounds and alleges that this temporary order of protection "entail[s] slander and blatant lies." (Compl. 3, ECF No. 1.) Based on these events, Moses sets forth the following

six courts: (1) defamation; (2) malicious prosecution; (3) invasion of privacy; (4) conspiracy; (5) interference with contract or economic advantage; and (6) intentional or negligent infliction of emotional distress. (*Id.* at 5-9.)

Moses alleges that the court has jurisdiction under "28 U.S. Code § 1136-153" and pursuant to *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). (*Id.* at 2.) In her claim for relief, Moses requests damages pursuant to 17 U.S.C. § 504(b). Further, Moses states that she resides in Memphis, Tennessee. (*Id.*)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)    is frivolous or malicious;

3

>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because Moses has been granted leave to proceed *in forma pauperis*, this report and recommendation will constitute the court's screening.

B.  <u>Subject-Matter Jurisdiction</u>

The court must first determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial

authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

1. *Federal-Question Jurisdiction Under 28 U.S.C. § 1331*

Moses alleges that the court has jurisdiction under "28 U.S. Code § 1336-153" and pursuant to *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). (*Id.* at 2.) Further,

5

in her claim for relief, Moses requests damages pursuant to 17 U.S.C. § 504(b). A federal district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004)(internal quotation marks omitted).

Moses asserts that the court has jurisdiction pursuant to "28 U.S. Code § 1336–153," but otherwise fails to explain how these provisions invoke this court's federal-question jurisdiction. All of the claims alleged in Moses's complaint arise under state law; Moses does not allege any claims arising under 28 U.S.C. § 1336 *et seq*. Sections § 1336 *et seq*. are entirely irrelevant to Moses's present action and do not confer federal-question jurisdiction upon this court.

Further, Moses states that the court has jurisdiction pursuant to *Rutherford v. Columbia Gas*, 575 F.3d 616 (6th Cir. 2009). In *Rutherford*, the court analyzed Ohio law regarding easements, and therefore, the *Rutherford* case is completely unrelated to the question of jurisdiction. Lastly, 17 U.S.C. § 504(b), the federal statute under which Moses purports to seek

damages, applies to copyright infringement cases, an issue that is clearly not implicated in this case. Accordingly, for the reasons discussed above, this court does not have subject-matter jurisdiction based on federal question.

2. *Diversity Jurisdiction*

Although Moses does not reference diversity jurisdiction, it is necessary to consider whether there might be subject-matter jurisdiction under 28 U.S.C. § 1332. According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)(citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of . . . individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009)(per curiam); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)(complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich.

7

2009)(complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2004).

Moses does not assert that the court has diversity jurisdiction under 28 U.S.C. § 1332 and Moses's complaint does not contain any facts to establish the citizenship of both parties and the amount in controversy. Moses only asserts that she resides in Memphis, Tennessee, but she does not allege the citizenship of Judge Gardner or the amount in controversy.[3] Accordingly, Moses has not met her burden of pleading complete diversity, and the court does not have diversity jurisdiction over this action.

---

3  See, however, *Gardner v. Moses*, No. 14-2714-SHL-dkv, in which Moses alleges in her Notice of Removal that Judge Gardner resides in Memphis, Tennessee. (Notice of Removal, ECF No. 1, Case No. 14-2714-SHL-dkv.) In its report and recommendation to Case No. 14-2714, the court found that it lacks diversity jurisdiction because there is no complete diversity between Judge Gardner and Moses.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

Respectfully submitted this 23rd day of September, 2014.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.