# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| PAMELA MOSES and TAJ' MOSES, <br>     Plaintiffs, <br> v. <br> PHYLISS GARDNER and JANE or JOHN DOE, <br>     Defendants. | No. 2:14-cv-2706-SHL-dkv |

## ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PLAINTIFFS' MOTION TO AMEND

Before the Court is the Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal, filed September 23, 2014. (ECF No. 7.) Plaintiffs Pamela Moses ("Ms. Moses") and Taj' Moses, her minor son, filed their objections to the Magistrate Judge's Report and Recommendation on October 7, 2014. (ECF No. 11.) The same day, Plaintiffs also filed a "Motion to Leave for Amended Complaint," which consisted of the Amended Complaint. (ECF No. 10).

The Magistrate Judge recommended in her Report and Recommendation that Plaintiffs' Complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction. As explained below, none of Plaintiffs' objections to the Report and Recommendation call into question the sound legal reasoning in the Magistrate Judge's recommendation to dismiss the case. However, because the Court in this order grants Plaintiffs' motion to amend their complaint, the Court is ADOPTING the analysis contained within the Magistrate Judge's report, while modifying the recommendation so as to not dismiss the case.

I.     STATEMENT OF THE CASE

Plaintiffs filed a *Pro Se* Complaint on September 12, 2014, against Defendants Judge Phyllis Gardner ("Judge Gardner") and John and Jane Doe, alleging slander, libel, defamation, false light, malicious prosecution, wrongful use of civil proceedings, invasion of privacy, conspiracy, contractual interference, and intentional infliction of emotional distress. (ECF No. 1.)

The acts that formed the basis for the Complaint began when Judge Gardner filed for a Petition for Order of Protection and Order for Hearing against Ms. Moses in the General Sessions Court of Shelby County, Tenn., on September 8, 2014. (ECF No. 1-1.) Ms. Moses alleges that the petition contained slanderous accusations, including, but not limited to, a claim that she stalked Judge Gardner, and claims that she had violent anger issues, substance abuse issues, and a mental health history. (ECF No. 1 at 3.) Ms. Moses alleges that these and other false statements damaged her reputation, brand, and family name, and caused her to lose employment, be falsely targeted as a terrorist and have left her in fear for her life and the lives of her children. (Id. at 2.)

In her Report and Recommendation, the Magistrate Judge recommended dismissing the case *sua sponte* for lack of subject-matter jurisdiction. The Magistrate Judge found that Plaintiffs' claims failed to pose a federal question, as they alleged state law violations. While Plaintiffs did not claim jurisdiction based on diversity under 28 U.S.C. § 1332, the Magistrate Judge ruled it also was inapplicable, as the Complaint failed to establish complete diversity between all the parties and failed to plead facts that met the $75,000 amount-in-controversy threshold set out in 28 U.S.C. § 1332.

## II. STANDARD OF REVIEW

A Magistrate Judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. After conducting a *de novo* review, a district court is not required to articulate all of the reasons it rejects a party's objections. Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986).

## III. ANALYSIS

Plaintiffs listed 16 separate objections to the Magistrate Judge's Report and Recommendation. (ECF No. 11 at 2-3.) The ten claims in ¶¶ 1-5, 7-9, and 13-14 assert that any defects in their initial Complaint have been remedied in the Amended Complaint filed subsequent to the Magistrate Judge's ruling.[1] (Id.) The six remaining objections, described below, do not undermine the rationale for the Magistrate Judge's *sua sponte* dismissal of Plaintiffs' original Complaint.

Plaintiffs' objections that are unrelated to their Amended Complaint are largely irrelevant. For instance, Plaintiffs asserted that "[t]he magistrate's R&R has not had an evidentiary or show cause hearing and the Magistrate's R&R is premature due to lack of sufficient evidence to make a determination." (Id. at ¶ 6.) As the Magistrate Judge pointed out

---

[1] Ms. Moses's Amended Complaint is addressed in more detail below.

in her Report and Recommendation, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Neither the Magistrate Judge nor this Court is required to hold an evidentiary or show-cause hearing before dismissing a case for lack of subject-matter jurisdiction, rendering this objection groundless. In ¶ 11 of Plaintiffs' objections, they asserted that Ms. Moses "has suffered from intentional infliction of emotional distress, and numerous Civil Rights violations, at the hands of the unethical, dishonest petitioner." This claim also does not confront the Magistrate Judge's determination that Plaintiffs' original complaint failed to establish this Court's subject-matter jurisdiction. Plaintiffs also objected on the grounds that the Federal Magistrates Act is to be construed narrowly. (Id. at ¶ 16.) While true, the claim in no way undermines the Magistrate Judge's ruling, or her ability to issue it.

Plaintiffs' remaining objections, while superficially relevant to the Magistrate Judge's Report and Recommendation, also do not serve to undermine the Magistrate Judge's finding that the Court lacks subject-matter jurisdiction over this matter. Plaintiffs did not include a damages amount in their original Complaint, but asserted as one of their objections that they seek "$7,000,000.00 in this complaint, which gives this court jurisdiction." (Id. at ¶ 10.) While the $7 million would, in fact, meet the amount in controversy requirement under 28 U.S.C. § 1332(a), Plaintiffs have asserted no additional facts to establish diversity between the parties, as is also required under the statute. Nor have they asserted anything in their objections, or in the original Complaint, that would support their claim in ¶ 12 that "Defendant has federal questions present that deal with the 14th amendment, Equal Protection, and Due Process." Claiming as much, without offering any accompanying support, does not make Plaintiffs' contentions true.

Finally, in their objections, Plaintiffs also asserted that "Defendant has invaded her and her son's privacy through false claims that violated Moses' First Amendment[,] Fifth[,] and Fourteenth Amendment Due Process rights, and tortiously interfered with a contract between her and the state's (sic) of Tennessee Supreme Court. 42 U.S.C. § 1983." (Id. at ¶ 15.) Nothing in Plaintiffs' Complaint supports a finding that they have stated a cause of action under § 1983, therefore their objections to the Magistrate Judge's Report and Recommendation based on overlooked § 1983 violations are groundless.

Even if Plaintiffs' original Complaint had introduced § 1983 claims and thus posed a potential federal question to the Court, it would not have justified rejecting the Magistrate Judge's Report and Recommendation. The day before she issued her Report and Recommendation, the Magistrate Judge granted Plaintiffs' motion to proceed *in forma pauperis*. (ECF No. 7.) Under the statute that governs proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiffs have sued Judge Gardner not as a government official, but rather as an individual. To the extent that Plaintiffs allege a 42 U.S.C. § 1983 claim, they would have to demonstrate that Judge Gardner deprived them of a right secured by the United States Constitution and laws of the United States while acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). While neither of Plaintiffs' complaints clearly state what actions they are accusing Judge Gardner of taking, the central focus of the allegations involve the statements that Judge Gardner made in her application for a protective order against Ms. Moses. The Complaint does not allege that Judge Gardner was acting in her official capacity in seeking a

temporary restraining order against Ms. Moses, and therefore Judge Gardner cannot be said to have engaged in any state action.

As the foregoing analysis illustrates, none of Plaintiffs' objections based on the content of her original Complaint warrant rejecting the Magistrate Judge's ruling. As stated above, in addition to the objections to the Magistrate Judge's Report and Recommendation, Plaintiffs filed a "Motion to Leave for Amended Complaint" after the Magistrate Judge issued her Report and Recommendation. (ECF No. 10.) While the bulk of the Amended Complaint merely restated the original Complaint, Plaintiffs have added several additional factual allegations, as well as a separate "Venue" section that included claims that 42 U.S.C. § 1981 and 28 U.S.C. § 1343 established that venue is proper, and two new causes of action: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and Civil Rights Discrimination Based on Race. Plaintiffs' Amended Complaint states that "venue is proper in this District pursuant to 42 U.S.C. § 1981 – Equal rights under the law," and "venue is proper pursuant to under 28 U.S.C. § 1343 – Civil rights and elective franchise – Conspiracy." The Court reads these as justifications for its federal question jurisdiction over the matter.

While inartfully pleaded, Plaintiffs' claim under 42 U.S.C. § 1981 in her Amended Complaint properly states a federal question that makes jurisdiction appropriate before this Court. Plaintiffs have asserted that Judge Gardner has engaged in actions that have caused the termination of Ms. Moses's contractual relationships with the Shelby County Election Commission and the Shelby County Law Library, and did so based on Ms. Moses's race. Without addressing the merit of such claims, the Court finds that, because 42 U.S.C. § 1981, unlike 42 U.S.C. § 1983, protects against "impairment by nongovernmental discrimination," such an assertion poses a federal question, appropriately establishing this Court's jurisdiction.

6

Because Plaintiffs' Amended Complaint establishes this court's jurisdiction, the state-law claims contained therein would also be appropriately before this court based on its supplemental jurisdiction under 28 U.S.C. § 1367. Just as was true of Plaintiffs' federally based claims, the Court offers no opinion as to the merit of the state-law causes of actions contained in Plaintiffs' Amended Complaint or whether those claims are properly pled. This ruling should be read narrowly to answer only the question of subject-matter jurisdiction.

IV. CONCLUSION

The Court hereby ADOPTS the Magistrate Judge's report and GRANTS Plaintiffs' motion to amend their complaint. Because Plaintiffs' Amended Complaint adequately establishes this Court's jurisdiction, the Court modifies the Magistrate Judge's recommendation to find that there is now subject-matter jurisdiction for this action.

**IT IS SO ORDERED,** this 11th day of March, 2015.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE