UNITED STATES DISTRICT COURT OR THE WESTERN DISTRICT

OF TENNESSEE AT MEMPHIS WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA MOSES | } | CASE NO. # 14-02706-SHL-DKV |
| and TAJ' MOSES | } | JURY DEMAND |
| Plaintiff | } | |
| | } | |
| VS. | } | |
| PHYLLIS GARDNER, | } | |
| ALLIEDBARTON SECURITY | } | |
| SERVICES LLC. and, Jane/John Doe} | | |
| Defendants | | |

RECEIVED 2015 JUL 22 PM 4:28 THOMAS M. GOULD CLERK US DISTRICT COURT

## AMENDED COMPLAINT

Comes now, Pamela Moses and Taj Moses by and through themselves in the above, and

declares they are United States American citizen of Shelby County, Memphis TN, and

respectfully submits the Second amended complaint to address violations of various

constitutional provisions, specifically citing in their complaint the First Amendment, Fourth

Amendment through Tenth Amendments of the United States Constitution and Civil Rights Act

of 1964.

Plaintiffs state the cause of actions for Libel, Slander, Malicious Libel, Malicious Slander, Harassment, Discrimination, Defamation of Character, and Defamation of Character with Intent to Cause Mental Anguish to a child. In addition to all other claims, Plaintiffs include Libeling and Slandering Business Defamation through Fraud of a Business Name, Interference with a Plaintiff's right to do Business Contract, Conspiracy to Interfere with Business and Contracts, Interference with Interstate Commerce, Conspiracy To Interfere with Internet Commerce, Intentional Infliction of Mental Anguish and Anxiety with the Intent to Injure, Invasion of Privacy, Fraud, Negligence, Gross Negligence, Disparagement of a Business Name and Brand Name, in Violation Of Federal RICO ACT 18 U.S.C.A. § 1961, 1964 {Sections 1951} and Malicious Prosecution under the Common laws, Tennessee Federal Laws § 28 U. S. Code § 42 U. S. Code {Sections 1391}, and other codes incorporated in this amended complaint

This is a civil action also seeks damages and injunctive relief for Intentional Infliction of Emotional Distress, Slander, Defamation, Abuse of Process, Interference with Economic Advantage, Invasion of Privacy, and Malicious Prosecution under the Common laws and TN and Federal Laws 28 U .S. Code § 1336 -153 based upon, in which Plaintiff respectfully prays that this Court enter judgment granting Plaintiffs aver as follows:

(a) Will accept jurisdiction of this complaint.

(b) Will issue service of process upon the Defendant with deliberate speed.

(c) Allow Plaintiff to further amend the complaint.

(d) Plaintiff hereby demands a jury trial on all triable issues.

Plaintiffs for their cause of actions herein, states as follow:

## INTRODUCTION

All people have the right of self-determination. By virtue of that right they freely determine their political status and freely pursue their economic, social and cultural development. All people may, for their own ends, freely dispose of their natural wealth and resources without prejudice to any obligations arising out of unethical, local political corruption, based upon the principle of mutual benefit, and all power is inherent to the people. All free governments are founded on their authority and instituted for their peace, safety, and happiness; for the advancement of those ends they have at all times. In no case may a people be deprived of its own means of subsistence by any individuals including judges. Defendants do not have the authority to retaliate against Plaintiff and spread lies for their own personal gain and dissimulation.

This case was filed prior to any adverse actions against Plaintiff Moses and involuntary agreements that have occurred since the filing of the original complaint. Plaintiffs would submit that the purpose of this case is not to reiterate any decisions that have been ruled upon in other courts but to focus on the Defendant's actions that have circumvented justice, manipulated facts, and deliberately defamed Plaintiff's name, character and intentions. Plaintiffs right to be free from arbitrary abuse of power and Defendants cannot be shielded by any immunity in this matter

because all actions were conducted outside of the scope, roles of a judicial capacity. Plaintiffs are entitled to relief and pray that this court will apply the law to this matter and nothing more.

## JURISDICTION

This court has jurisdiction involving the Constitution, such as the constitutionality of the law of the illegal acts incorporated in this complaint and malicious prosecution of where the damages are more than $75,000.00 in potential damages and 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states. Plaintiff brings all state claims under the "Pendent" doctrine which permits the plaintiff to bring both claims in the federal court and permits a federal court to entertain a state claim of which it would otherwise lack subject matter jurisdiction when it is joined with a related federal claim.

The court has jurisdiction pursuant Rutherford v. Columbia Gas, 575 F.3d 616, 619 (6th Cir. 2009). Jurisdiction of this Court is appropriate due to constitutional questions, The Sherman Act, The Hobbs Act, The RICO Act, Tennessee Business and Commerce Codes statutes, Tennessee statutes. This court has subject matter jurisdiction and Plaintiff is due to recover under (1) Civil Rights Act of 1964 [42 U.S.C.2000e–5, 2000e–16] Civil rights also under section 706 or 717 of the against the Defendant who did engage in unlawful intentional discrimination. 42 U.S.C. 2000e–2, 2000e–3, 2000e–16], and Plaintiff is entitled to recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the Defendant. Plaintiffs invoke jurisdiction under 28 U.S.C.A. § 1332; 28 U.S.C.A. § 1367. The Plaintiff also invokes the

4

jurisdiction of this Court pursuant to 28 U.S.C. § 1343(4) in that the Plaintiff seeks to redress

deprivation of rights guaranteed by both the Constitution and federal statutes.

Plaintiff Petitions for Judicial Review of all matters Specifically Beginning 2-19-2014.

## VENUE

- Venue is proper in this District pursuant to 28 U. S. C. § 1336, 153, 1391 (b) (c) and 1400 (a). Venue is proper in this District pursuant to 42 U.S. Code  1981 - Equal rights under the law.
- Venue is proper in this District pursuant to 28 U.S, Code  4101 &  1605 -Defamation Slander.
- Venue is proper in this District pursuant to 18 U.S. Code Chapter 96 - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS.
- Venue is proper in this District pursuant to 18 U.S. Code  1001 - Fraud Statements or entries generally.
- Venue is proper in this District pursuant to 28 U.S. Code  1331 - Federal questions.
- Venue is proper in this District pursuant to under 28 U.S.C.  1291-Personal Injury Intentional Infliction of Emotional Distress.
- Venue is proper in this District pursuant to under 28 U.S. Code  1343 - Civil rights and elective franchise-Conspiracy
- Venue is proper in this District pursuant to 28 U.S. Code  2201 - Creation of remedy-Plaintiff seeks Declaratory Relief.
- Venue is proper in this District pursuant to 28 US. Code Violation of Civil  Rights 1983.
- Venue is proper in this District pursuant to 42 U.S. Code 1981 Civil Rights.

Venue is appropriate in the Western District, Western Division since actions by Defendants resulted in damages that took place in, Memphis, and Tennessee Shelby County. This court has personal jurisdiction and specific jurisdiction over Defendant because all acts were committed in Memphis, TN and Shelby County causing injury to Plaintiff Pamela Moses and Taj' Moses in Memphis, TN and defendants frequently solicit or doing business in Tennessee, and /or derive plentiful revenue from goods used or services rendered in Tennessee and expect their illegal conduct to have consequences in Tennessee and derive considerable revenue from interstate commerce.

This court has jurisdiction pursuant to the above-listed codes, Tennessee and Federal Statutes and all United State Codes listed including but not limited to the landmark Supreme Court's decision in Erie that states when a federal court hears a state cause of action brought in federal district court in diversity the statutory law of the state would be applied. Venue is appropriate due to the diversity of the jurisdiction of the parties and actions taken by Defendants in various states and nations via the internet. This court has personal jurisdiction and specific jurisdiction over Defendants because all acts were committed in Memphis, TN and Shelby County causing injuries to Plaintiffs and Defendants frequently solicit or do business in Tennessee, and/or derive plentiful revenue from goods used or services rendered in Tennessee and expect their illegal conduct to have consequences in Tennessee and derive considerable revenue from interstate commerce.

In addition, Plaintiff's principal place of residence is in Memphis, TN in this District and have been injured in Tennessee by Defendant malicious infringing conduct. Defendants are still

interfering with and harming Plaintiff's interests in Shelby County and throughout the United States.

## BACKGROUND AND FACTS

Plaintiff is the mother of minor child {Plaintiff T. Moses}who resides in Memphis, TN. Plaintiff's mother is a musician, community activist, consultant, political scientist, author and reputable writer. Plaintiff Pamela Jeanine Moses was in the prerequisite stage of building her non-profit community organization Red Sea Advocacy. Red Sea's mission was to assist in providing practical fighting all forms of discrimination and extremism, promoting tolerance, and protecting vulnerable members of society. Plaintiff was transitioning and expanding her music consulting business which, focused primarily on assisting younger, disenfranchised, Memphis minorities who had not obtained a higher education.

The Defendant is an elected civil court General Sessions judge who has never practiced law outside of the Shelby County's District Attorney's Office {DA}. Defendant work at the District Attorney's office for 27 years. While employed at the DA's, Office Defendant headed a special investigation unit where convictions were overturned for prosecutorial misconduct. During this investigation, the Defendant instructed subordinates to destroy exculpatory evidence. During the Defendant's tenure at the Shelby County's DA's Office, Defendant took trips and had the county pay for a wide range of expenses that were not approved nor were they properly allotted for governmental use. While employed at the DA's office the Defendant was also accused of tampering with evidence, coercion of witnesses, and blackmailing other professional

colleagues. Defendant has engaged in a "pattern of racketeering activity" throughout her legal career. Defendant was later appointed to be a judge despite her actions and the so noted opinions and dissent by the Tennessee Supreme Court see 893 S.W.2d 416 (1995).

On 2-19-2014, Plaintiff was thrown in jail by the Defendant with no due process, without a legitimate reason or lawful purpose in a civil case setting. Plaintiff is educated, articulate, and sometimes mistaken as an attorney because of her professionalism and frequency at the courthouse {where the Shelby county law library is located}. Plaintiff has assisted attorneys, administrative law judges, and paralegals, in research while doing community service at the law library.

Defendant while acting in an official capacity demanded that Plaintiff {a pro se litigant} produce a valid license to see if she had standing in that matter against Comcast and Reginald Falkner. Plaintiff gave the Defendant a true an attested copy of her driver's license {provided by elected court clerk Edward Stanton Jr.} but was immediately held in a fictitious contempt of court with no written court order. There is a full transcript and audio of this proceeding being held in safekeeping by Ruby Lindberg of Riverside court reporting who was retained by Comcast. Moments after Plaintiff was falsely imprisoned by Defendant Gardner, Plaintiff Pamela Moses sustained permanent head and body injuries as a result of the Defendant's premeditated actions to orchestrate confusion and to be man-handled physically by Shelby County Sheriff Officers{**SCSO**}.

After being released from jail on 3-1-2014, with no adequate medical treatment and being held in solitary confinement during the false imprisonment, Plaintiff sought various civil legal remedies including and administrative Board complaint, as well 1983 Civil Rights Lawsuit against the Defendant for her wanton actions{See:USWD- 2:2014-cv-02763}. This Civil Rights complaint was subsequently dismissed because the court determined that Defendant Phyllis Gardner was acting in a judicial role when she knowingly and intentionally falsely imprisoned Plaintiff Pamela Moses and called it "Contempt of Court." General Sessions Court which is not a court of any Record. General Session Judges are only allowed {by Statute} to sentence a person to 5 days, but the Defendant acted as the prosecutor, judge, jury and sentenced Plaintiff to 10 days and a $50.00 fine. The 6th Circuit Court of Appeal upheld this decision and stated that as a judge she was shielded by judicial immunity affirming that she was conducting a judicial function and her role was protected when she told the SCSO to "get her" Plaintiff and place in custody.

Plaintiff Pamela Moses was an appointed member of the Shelby County Democratic Executive Committee. 2014 was an election year for various offices including Defendant Gardner's seat for General Sessions judge Division 2. The Defendant was up for re-election in August 2014. Defendant Gardner in April 2014 unsuccessfully sought endorsement from the Shelby County Democratic Party. The Shelby County Democratic Party endorsed Attorney Myra Hamilton. Defendant discovered via social media that Plaintiff Moses was a

committeewoman and that was actively campaigning {handing out flyers} and supporting her opponent Attorney Myra Hamilton throughout Shelby County and Downtown Memphis.

Between the months of April 2014 and September 2014, Defendant told various **SCSO** that Pamela Moses was a dangerous, sovereign citizen and to detain her upon sight and to prohibit her from passing out any campaign materials or coming near the courthouse. Plaintiff was personally asked by others candidates to pass out their materials who were passing out materials inside the courthouse. There were no written or administrative orders in place against Plaintiff to signify or justify these actions by the **SCSO**. Various officers stated they were "just doing what Judge Gardner told them to do." The statements Defendants were made verbally and through email/phone communications. Lt. Esserex under the direct instructions of the Defendant told Attorney Andrew Crisler that Plaintiff Pamela Moses was a sovereign citizen who squats in houses this was said in the presence of a doctor and another acquaintance of Plaintiff. The Defendant made these statements to Lt. Esserex and others.

## NATURE OF ACTION

1. This complaint is being filed for emergency injunctive purposes, and it is not in response to any legal decision or rulings made from the unsubstantiated, false, allegations publicly made against Plaintiff and her family name.

## {Count I.--Slander and Defamation}

*"Tennessee courts have long recognized libel as the greater wrong, and that recognition is evident in Tennessee statutes of limitations for slander and libel. " Watson v. Fagot in, 2010 WL 1293797, at Tenn"Ct, App. April 1, 2010)*

2. These actions arose from Defendants' premeditated behavior, written statements, and publication of false information regarding Plaintiff and allegations of Plaintiff's engagement in stalking and possessing a firearm.

3. As early as late April 2014, without having any factual foundations the Defendant did make deceitful allegations to law enforcement officers and attorneys that Pamela Moses was a sovereign citizen and extremely dangerous.

4. Defendant made public statements that Plaintiff stalked her, with no proof or evidence to substantiate that it was true and with no evidence that Plaintiff made direct or indirect contact with her.

5. In one of these verbal statements, she alleged that she was a violent, gangster, rapper who was involved with domestic terrorism.

6. Defendant made statements that Plaintiff has a substance abuse problem in writing, with no proof or evidence to substantiate that it was true.

7. Defendants also alleged violent actions and association with sovereign citizens with no proof or evidence to substantiate the truth of these statements.

11

8. Defendants in their publications and statements allege that Plaintiff squats in houses and that she was a self-proclaimed sovereign citizen with no proof or evidence to substantiate the truth.

9. Defendant did tell various Shelby County Sheriff Officers that Plaintiff is a "Moorish who squats in houses and is trouble everyone should stay away from her".

10. Defendants in their publications and statements state that Plaintiff Moses suffers from mental illness with no proof or evidence to substantiate the truth.

11. Defendants crafted other lies, fraud, misrepresentation of facts, and libelous statements with the intent of creating a fabricated fear about Plaintiff's character and her role as a musician, mother, and person who was attempting to do business with Shelby County.

12. None of these statements made by Defendant were substantiated by any corroborating evidence or witnesses.


## {Count II. Conspiracy}

*Conspiracy is an agreement between two or more persons to commit an illegal, unlawful, or wrongful act.*

**42 U.S. Code § 1985 - Conspiracy to interfere with civil rights**
**28 U.S. Code § 1343 - Civil rights and elective franchise**


13. Plaintiffs incorporated by reference paragraphs 1-12 as if set forth herein.

14. Defendant did enlist attorneys, former colleagues of the District Attorney's office, law enforcement to act in concert with her to commit wrongful acts against Plaintiffs.

15. Defendant's actions did contribute to the cycle of all events that did occur prior to the filing of this complaint.

16. Defendant did conspire with certain acquaintances employed in law enforcement and with the **SCSO** to paint Plaintiff in a negative light with false statements that did heighten an unjustified security level throughout Shelby County.

17. These untrue statements were told to various people within government who in returned placed the U.S. Marshals at the federal courthouse on notice to targeted Plaintiff as an exaggerated security threat when in the spotted in Downtown Memphis area.

18. Defendant has knowingly and actively engaged in a criminal and civil conspiracy against Plaintiff and enlisted acquaintances directly employed by law enforcement to assist in harassing, stalking, and intimidating Plaintiffs, family, friends, and associates.

19. Defendants did instruct Shelby County Sheriff Officer K.W. McHanley **(SCSO)** to draft backdated memos to corroborate false accounts of incidents to shield her from prosecution and to impede an investigation.

20. Defendant did compel Cornelius Bostick to give false testimony in an official proceeding in exchange for ruling in his favor on all matters that come before her court.

21. Defendant did attempt to compel **SCSO** Lt. Cox to give false testimony in an official proceeding on her behalf. Lt. Cox did falsify a document on behalf of the Defendant but retracted his statement in an official proceeding while under oath {There is an audio recording of this proceeding}.

22. Defendant's actions interfered with Plaintiff's right to do business in Shelby County and right to access to the law library {public place}.

23. Defendant did instruct Shelby County Sheriff Officers **(SCSO)** to illegally detain Plaintiffs for no lawful purpose on several occasions while Plaintiff was accessing the

law library, paying for copies, and conducting legal research.

24. On August 29, 2015, Defendants did give instructions while not performing a judicial function to acquaintances {employed by **SCSO**} to prevent Plaintiff from entering a public inauguration.

25. Plaintiff had been invited to the inauguration by other members of the judiciary and for no lawful purpose the Defendant's conduct did invade Plaintiff's privacy.

26. Defendant's conduct did alarm, intimidate, and harass and Plaintiffs and guest.

27. Defendants did conspire to libel slander; defame their name "Moses" and her child to interfere in her contract as a resident with Shelby County. Several residents, employees, and persons watched the Defendant act in concert; fabricate defamatory and libelous statements against Plaintiff.

28. Defendants did instruct Shelby County Homeland Security to have AlliedBarton Security to prevent Plaintiff entry into all court houses causing her to be late and miss scheduled appearances which she has suffered economic losses.

29. During the month of March 2014, Defendants did instruct AlliedBarton to place a photo of Plaintiff at metal detectors to be followed, defame and humiliated.

## {Count III. Invasion of Privacy Violations of First Amendment-Fourth Amendment-Fifth Amendment through Fourteenth Amendment}

*The scope of the constitutional right to privacy Two types of interests have been identified by the Supreme Court as protected by the right to privacy that is rooted in the substantive due process protections of the Fourteenth Amendment. One is the interest in "independence in making certain kinds of important decisions." Whalen v. Roe, 429 U.S. 589, 599-600 & n.26 (1977)*

30. Plaintiffs incorporated by reference paragraphs 1-29 as if set forth herein.

31. Defendants did give instructions to have Plaintiff followed in the bathroom on several occasions under direct instructions of Defendant Gardner.

32. During the months of April through June 2014, **SCSO** did under instructions of Defendant attempt to enter a bathroom stall with Plaintiff and asked her what she was doing.

33. Plaintiff was compelled to disclose what she was doing because the Defendant wanted to do know, this is a violation of Plaintiff's reasonable expectation of privacy in the bathroom and right to privacy interest applicable to individuals is the "interest in avoiding disclosure of personal matters." Id. at 599, 603-04 which this court has described by this court as "an individual's right to control the nature and extent of information released about that individual" and that "has been coined an informational right to privacy." Bloch v. Ribar, 156 F.3d 673, 683 (6th Cir. 1998).

34. During the months of April through November 2014, **SCSO** did under instructions of Defendants follow Plaintiff and ask her where she was going. This is a violation of Plaintiff's right to privacy and harassment.

35. Defendant while not performing a judicial role did directly tell **SCSO** Homeland Security

15

that Plaintiff was dangerous. Defendant's actions were blatant retaliation of the filing of other complaints filed against the Defendants by Plaintiff Pamela Moses.

36. These statements prompted Plaintiff phone calls to be listened to by her acquaintances of law enforcement this being Telephone Consumer Protection Act (TCPA).

37. These statements prompted Plaintiff to home to be monitored and her whereabouts to be followed on a daily basis throughout Shelby County.

38. This complaint is being filed for emergency injunctive purposes and is NOT frivolous.

39. Defendants statements resulted in Plaintiff being harassed daily, Defendant's actions violated Plaintiff's constitutional and civil rights.

40. Defendant did knowingly invade Plaintiff's Privacy by forcing SCSO to follow Plaintiffs and report back to her every move she made. This refers to the unlawful use or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities.

{Count IV. Malicious Prosecution Abuse of Process, and Conspiracy to Deprive Plaintiffs of Constitutional rights}

41. Plaintiffs incorporated by reference paragraphs 1-40 as if set forth herein.

42. Defendant did make these statements in writing and available to the public on September 8th, 2014, and the statements were published defamatory falsehoods and the damage to Plaintiff's reputation.

43. Defendant obtained an "exparte" order of protection from former prosecutor and

16

colleague Michael Cross {Cross was a Judicial commissioner but has been removed from his position since the initial filing of this complaint}.

44. Defendant did not make one police report, memo, or contact any law enforcement in regards to the false allegations she used to obtain the "exparte" order of protection.

45. The Defendant sought an "exparte" Temporary Restraining Order under legislative provisions that primarily focus on "family/domestic issues assistance of battered women. The order entailed a typed written and signed affidavit provided by the Defendant. This affidavit was not produced with any supporting documentation but entailed the following statements.

    a. Plaintiff has "stalked" Phyllis Gardner.
    b. Plaintiff was held in contempt for "impersonating someone".
    c. Plaintiff has violent anger issues, and ready access to "firearms".
    d. Plaintiff has "substance abuse" issues.
    e. Plaintiff has "mental health history".
    f. Plaintiff approached Defendant and supporters "yelling loudly causing quite a disturbance on 7-19-2014".
    g. Plaintiff engaged in loud disruptive behavior and was barred from entering a swearing-in ceremony.
    h. Plaintiff has filed numerous, groundless civil complaints against Petitioner "naming her as a party".

**{ Count V. Interference with Contract of Economic Advantage Conspiracy to Interfere with Business and Contracts, Interference with Interstate Commerce, Conspiracy to Interfere with Internet Commerce}**

46. Plaintiffs incorporated by reference paragraphs 1-45 as if set forth herein.

47. The emergences of these nonsensical accusations have damaged Plaintiff's reputation, brand, and family name and caused her irreparable harm.

17

48. The false statements made by Defendant have caused Plaintiff Pamela Moses to lose employment, gain employment, and be considered for employment.

49. Defendant's conduct interfered with present business and future business prospects.

50. Defendants did knowingly act through, persons, officers, and other people with intentional, Machiavellian, behavior and is vicariously liable for the conduct of the agents who conspired with her outside with third persons.

**{Count VI. Intentional Infliction of Emotional Distress Intentional Infliction of Mental Anguish and Anxiety with the Intent to Injure}**

51. Plaintiffs incorporated by reference paragraphs 1-50 as if set forth herein.

52. The false statements have caused Plaintiffs to be falsely targeted as a terrorist, and now have Plaintiff's in fear of her and her children's life.

53. Defendant did make false written and oral statements against Pamela Moses's name that were untrue and without proof or truth to substantiate the statements with the intent to induce a hostile environment for her and her child.

54. Defendant's false statements did defame and characterized Plaintiff as a terrorist.

55. Defendant's conduct did cause Moses to lose employment and be humiliated throughout Shelby County.

56. Defendant's conduct did cause the minor child to be searched and detained while with his mother and placed him in fear and suffer irreparable injuries.

18

57. Plaintiffs do suffer from nightmares, wet the bed, and a constant fear of the police because of the conduct of the Defendants.

58. Defendant did actively promote and induce false information, which is slander and defamation defined by Tennessee Statute and Federal Laws.

**{Count VI Racketeer Influenced and Corrupt Organization}**

59. Plaintiffs incorporated by reference paragraphs 1-58 as if set forth herein.

60. Defendants did obstruct a criminal investigation against her with State and local law enforcement.

61. Defendant did violate the HOBBS Act and display a continual pattern of illegal behavior in violation of the RICO ACT.

62. Defendant has removed and placed documents in Plaintiff's file to tamper with evidence.

63. In 2013, Tasha Liggins did consult with Plaintiff Pamela Jeanine Moses for a local skating rink that had been a public nuisance for many years.

64. Plaintiff assisted Tasha Liggins in finding and hiring an attorney to represent her and her children in a premises liability matter for inadequate security at the Crystal Palace skating rink.

65. On 2-13-2014, Tasha Liggins did appear before the Defendant, and the Defendant did threaten Liggins an African-American litigant {Tasha Liggins vs. Crystal Palace} with

19

jail for associating with Plaintiff.

66. On 2-19-2014, After the Defendant discovered Plaintiff was listed as a supporting witness on Liggins complaint, and she did have the General Sessions court clerk transfer Plaintiff's case that had been continued {one month earlier} by Judge Lynn Cobb{Pamela Moses vs. Reginald Falkner and Comcast}to her courtroom.

67. The Defendant initiated this transfer of Plaintiff's case without written consent from either parties or approval from Judge Lynn Cobb.

68. The transfer of this case by Defendant was committed for the sole purpose to discriminate, retaliate, and conspire against Plaintiff to and have Plaintiff falsely imprisoned.

69. Deputy Clerk Sheila "unknown" stated that on 2-18-2014 "Division 2 courtroom clerk Vernon Johnson stated that Judge Gardner's personally requested Plaintiff's case be moved to her division."

70. Plaintiff later found out Tasha Liggins was arrested prior to meeting her and was facing possible jail time Theft of Services from Memphis Light Gas & Water (**MLGW**).

71. Defendant did collude to have charges dismissed against Tasha Liggins for cooperation by acquaintance and close friend District Attorney General Amy Weirich {TN BPR #014441} and Prosecutor Thomas Henderson {TN BPR 008221}.

72. Defendant sought a signed, dated, and a fallacious letter from Attorney Todd V. Williams {TN BPR #028116} of **MLGW**. This deceptive letter was presented on **MLGW** letterhead to Assistant Disciplinary Counsel Patrick J. McHale of the Board of Judiciary

to dishonestly corroborate the Defendant's account of what transpired on 2-13-2014, despite their being a full transcript and audio to validate Plaintiff's account.

73. In the past, the Defendant did dismiss skating rink cases where Glankler & Brown was a representative of a Defendant.

74. Defendants did collude and conspire with attorney Ryan Skertich{Represented Defendant's Crystal Palace against Tasha Liggins} of the Glankler & Brown Law firm to make false statements against Plaintiff in an official proceedings.

75. Defendant's campaign treasurer Attorney Jeremy Albert is employed at Glankler & Brown law firm and worked for the Defendant's campaign the past 2 terms and their firm has donated substantial amounts to her campaign and did collude with Defendant to determine the outcome of the case with the Crystal Palace. (See Attachment)

76. On February 9th, 2015, Defendant did present written Facebook Statements as evidence against Plaintiff in a televised official proceeding in regards to allegations of collusion, corruption, and killings at the Glankler & Brown law firm.

77. On March 1st, 2015, a fight that began inside of Crystal Palace Skating rink, as children were retreating to the parking lot from the inadequate security a 6-year-old was hit by a car, Two teens {15 and 17 years old} were shot in the parking lot.

78. On April 6th, 2015, Chancellor Oscar "Bo" Carr a 30-year dedicated employee of the Glankler & Brown law firm was found dead at the Memphis Country Club ruled an apparent suicide.

79. Defendant's direct manipulation of facts, evidence, and involvement with affluent

21

members of the legal community has undermined the local justice system, circumvented justice, and thwarted any chances in Plaintiff obtaining relief in Shelby County's legal system all while causing ancillary harm to unwilling participants.

**{Count-- VII Civil Rights Discrimination Based on Race}**

80. Plaintiffs incorporated by reference paragraphs 1-79 as if set forth herein.

81. After Plaintiff began to file unsuccessful complaints, Defendant did willfully engaged in retaliatory conduct and against Plaintiff that has affected her adversely for trying to appeal her cases and filing complaints with the Board of Judiciary and being witnesses against her for being unethical.

82. In 2014, Plaintiff was hired and trained to work for the Shelby County Election Commission as a Machine Operator.

83. The first day Plaintiff was scheduled to work her first day she was terminated via email.

84. Plaintiff did receive a telephone call from Commissioner Richard Holden because of the slanderous statements made by Defendant and stated she could not work.

85. Plaintiff obtained childcare services in advance under the impression she was employed and would be paid.

86. Plaintiff did not receive any reimbursement for the gas, time, or monies spent for training at the election commission. This did cause Plaintiff and her minor child emotional distress.

87. Defendant's conduct continues to alarm Plaintiff and cause irreparable harm.

## INJUNCTION REQUESTED

Plaintiff request that an order by a court requiring the Defendant to refrain from doing all specified acts listed:

A. Making or swearing false unsubstantiated statements
B. Filing any documents or cases against Plaintiff that are not filed in this United States District Court.
C. Instructing people to harass, detain, or arrest Plaintiff.
D. Any conduct that should be directed

## DAMAGES

Defendants intended to willfully sabotage Plaintiff's excellent relationship with members in the Shelby County community to interfere with her community activist employment. Defendants' libel, slander, interference with Plaintiff's online campaign business and local campaign services distribution causing clients and potential customers to be afraid to do business with her. Some of Plaintiff's friends and neighbors are trying to distance themselves from her due to the lies and fabrications of Defendants for the fear of the legal implications of such association. Defendants' negligence and wanton negligence in making false statements interfere with Plaintiff's fair trade business and the created a hostile environment towards for her children in the community that they proudly served and loved.

23

Defendants, through their actions, damaged Plaintiff's relations with the community, public officials, and the downtown government employees which she interacted with for over 7 who have known Plaintiff as a progressive activist for over 15 years. Defendants caused, and still cause, humiliation, anxiety, ridicule and exposed her to unnecessary questioning by members of the community over Facebook Post on a community page. Plaintiff's online prerequisite business suffered and will continue to suffer due to the false allegations of Defendants and their lies and fabrications about the nature of her affiliation as a terrorist and mentally ill, sovereign citizen. Defendant's negligence, gross negligence and will interference with his business and personal life will continue as long as the Defendant is permitted to make them without recourse.

## PRAYER FOR RELIEF

Plaintiff Pamela Moses and Taj Moses hereby pray the Honorable Court that upon a trial by jury.

1) Defendants to pay Plaintiff (ten) **10,000,000.00** million dollars in compensatory damages for the past, present and future irreparable damage done to her family name, brand, business and standing in the community.

2) Defendants pay Plaintiff Pamela Moses and Taj' Moses (ten) **10,000,00.00** million dollars for their past, present and future potential loss of income and goodwill due to the allegations, lies and fabrications made, printed, published throughout the United States and the mental and emotional anguish caused by such lies and allegations.

3) The Court to issue a permanent injunction barring Defendants from calling Plaintiff's a and

24

terrorist and dangerous person and to brand her family as a "Sovereign citizens" unless they can prove that the Plaintiff if a "Sovereign citizens".

4) Defendants to pay Plaintiff exemplary and punitive damages in the amount of (twenty-five) **25,000,000.00** million dollars to be spent on fair trade projects of individuals of low income and disadvantaged socioeconomic status.

5) The State of Tennessee to convene its legislators and address the Statute of limitations in the Libel and Slander laws to address the technological development to comply with the United States Constitution and to protect the civil and constitutional rights of its citizens.

6.) Plaintiffs seeks damages in the amount of (seven) **7,000,000.00** for punitive and compensatory damages.

7.) Defendants to be referred to the Justice Department for investigation for their criminal and racketeering work in Shelby County abusing her power as a sitting judge and conspiring with other individuals in the Shelby County law enforcement to collude and fabricate charges against Plaintiff and other individuals in Memphis.

Respectfully submitted,

7-22-2015

x _____

25

## Certificate of Service

I declare under penalty of perjury and certify that a true and exact copy of the foregoing is true and correct copy has been mailed on this day of July 22, 2015. Attorney John Ryder Defendant's Attorney of Record One Commerce Sq. Memphis, TN 38103 and Allied Barton Registered Agent 800 S GAY ST STE 2021 KNOXVILLE, TN 37929-9710 USA.

Respectfully submitted,

Pamela Moses

P. O. Box 80564

Memphis, TN  38108