IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAMELA MOSES and TAJ' MOSES, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>)  No. 14-cv-2706-SHL-dkv |
| PHYLLIS GARDNER and JANE or JOHN DOE, | )<br>)<br>) |
| Defendants. | )<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the magistrate judge's Report and Recommendation ("Report"), filed July 17, 2015. (ECF No. 29.) In the Report, Chief Magistrate Judge Vescovo recommended that Plaintiffs' complaint be dismissed with prejudice for lack of jurisdiction and for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. On July 20, 2015, Plaintiff Pamela Moses ("Ms. Moses") filed a motion for an extension of time to submit an amended complaint. (ECF No. 30.) In spite of the fact that the magistrate judge denied the motion the next day (ECF No. 31), Plaintiffs filed an amended complaint on July 22, 2015 (ECF No. 32). They also filed objections to the Report and Recommendation on July 24, 2015. (ECF No. 33.) For the following reasons, the Report is adopted in its entirety and the case is dismissed with prejudice.

STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. After conducting a *de novo* review, a district court is not required to articulate all of the reasons it rejects a party's objections. Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986).

ANALYSIS

Chief Magistrate Judge Vescovo issued an earlier Report and Recommendation in this case, recommending that Plaintiffs' initial complaint in this action be dismissed for lack of jurisdiction. (ECF No. 8.) This Court adopted the recommendation, but determined that Plaintiffs' motion to amend their complaint (ECF No. 10), which was submitted after the magistrate judge issued the Report and Recommendation, included a claim under 42 U.S.C. § 1981 which stated a federal question that would establish this Court's jurisdiction over the matter.

On June 26, 2015, the magistrate judge issued three separate orders in this case, including one directing Plaintiffs to file an amended complaint within fourteen days. (ECF No. 28 at 4.) Twenty-one days later, the magistrate judge entered the Report now before this Court and recommended that the complaint be dismissed with prejudice because Plaintiffs had failed to file an amended complaint. The magistrate judge determined that the failure to file the amended complaint meant that, consistent with her earlier report and recommendation, there was no pleading docketed that would establish this Court's federal question jurisdiction. Furthermore, the magistrate judge recommended that, because Plaintiffs failed to comply with an order of the court and offered no justification for the failure, the complaint should be dismissed with

2

prejudice.

As stated above, Plaintiffs offered several objections to the Report, most of which focused on justifications for failing to timely file an amended complaint. The arguments that explain the tardy filing are not persuasive. Ms. Moses asserts that, because she does not receive electronic filings through the ECF system, she did not receive the magistrate judge's order directing her to file her amended complaint until July 8, 2015, twelve days after it was entered and two days before the court-imposed deadline to file the amended complaint. Ms. Moses claims that, as soon as she was able, she immediately requested an extension of time to file her amended complaint. The record suggests otherwise. The magistrate judge issued her Report on July 17, 2015. The motion for an extension of time was dated the same day, and was received and docketed by the Court on July 20, 2015. (ECF No. 30.)

Under Fed. R. Civ. P. 6(b)(1), "(w)hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Even if it did take Plaintiffs twelve days to receive the magistrate judge's order requiring them to file an amended complaint, it was not until nine days later – the same day that the magistrate judge recommended that her case be dismissed – that they asked for an extension of time. The justification now offered for the late filing does not qualify as excusable neglect and thus cannot support the extension of time Plaintiffs now seek.

The fact that Plaintiffs are *pro se* does not alter the Court's analysis. The Sixth Circuit Court of Appeals has recognized that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to

3

straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiffs' failure to submit their filings in a timely manner is a straightforward procedural requirement and not a sophisticated legal issue. Because they failed to comply with a court order and did not offer a valid justification for that failure, the Court hereby ADOPTS the magistrate judge's Report in its entirety and dismisses all of Plaintiffs' claims against Defendants in this matter.

**IT IS SO ORDERED,** this 25th day of August, 2015

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
