# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT AT TENNESSEE,
# AT MEMPHIS

| | |
|---|---|
| PAMELA MOSES and T. MOSES, | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| | ) NO. 2:14-CV-2706-SHL-DKV |
| vs. | ) |
| PHYLLIS GARDNER and JANE OR JOHN DOE | ) |
| Defendants. | ) |

## OBJECTION TO SUBPOENA FOR
## RECORDS OF THE SHELBY COUNTY DISTRICT ATTORNEY'S OFFICE

Comes the Shelby County District Attorney General's Office, by counsel, the Tennessee Attorney General and Reporter, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) and hereby objects to the subpoena served by Pamela Moses and T. Moses ("Plaintiffs") in this case upon Ms. Sandra Truitt as Custodian of Records for the DA's Office. The subpoena compels the DA to appear on August 28, 2015 at 9:00AM at 167 North Main Street, Room 907, and produce: "Entire employment file and case assignment for the following employees: General Thomas Henderson, Jennifer Nichols, Byrce Hulon Phillips, From 2010 until 8-2015."

## BACKGROUND

On July 17, 2015, United States Magistrate Hon. Diane K. Vescovo submitted a Report and Recommendation, currently pending before the Court, which contains the following succinct summary of this case:

On September 12, 2014, the *pro se* plaintiffs, Pamela Moses and Taj' Moses, her minor son, filed a complaint against the defendants Judge Phyllis Gardner ("Judge Gardner") and Jane or John Doe, alleging slander, libel, defamation, false light, malicious prosecution, wrongful use of civil proceedings, invasion of privacy, and intentional infliction of emotional distress. (Compl., ECF No. 1.) On September 22, 2014, the court issued an order granting Moses leave to proceed *in forma pauperis*. (ECF No. 7.) On September 23, 2014, the magistrate judge issued a Report and Recommendation recommending that this case be dismissed *sua sponte* for lack of subject matter jurisdiction. (ECF No. 8.)

On October 7, 2014, Pamela Moses filed objections to the Report and Recommendation, (ECF No. 11), along with a motion for leave to amend her complaint, (ECF No. 10). By order dated March 11, 2015, the presiding district judge, Hon. Sheryl H. Lipman, granted Pamela Moses's motion to amend her complaint, adopted the analysis in the Report and Recommendation but modified the recommendation, and found that Pamela Moses's proposed amended complaint established federal question jurisdiction. (ECF No. 16.)

Although Judge Lipman granted Pamela Moses's motion to amend her complaint, Moses never docketed her amended complaint. By order dated June 26, 2015, Moses was directed to file her amended complaint within fourteen days of the entry of the order. (ECF No. 26.) Moses has failed to do so, and the time for filing an amended complaint has expired.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Pamela Moses's lawsuit be dismissed *sua sponte* for lack of jurisdiction and for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

(ECF No. 29.) On July 20, 2015, Plaintiffs filed a motion for extension of time to submit amended complaint. (ECF No. 30.) On July 21, 2015, Magistrate Vescovo entered an order denying that motion for extension of time. (ECF No. 31.) On July 22, 2015, Plaintiffs filed an amended complaint. (ECF No. 32.) On July 24, 2015, Plaintiffs filed an objection to the pending Report and Recommendations. (ECF No. 33.) On August 12, 2015, the Shelby County District Attorney's Office was served with the subpoena at issue in this motion. (ECF No. 34.)

2

**ARGUMENT**

**The personnel records of non-party witnesses-employees of the Shelby County District Attorney General's Office are confidential and Plaintiffs have failed to make any showing they are relevant to their claims.**

Fed. R. Civ. P. 45(d)(2)(B) provides as follows:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party… a written objection to inspecting, copying, testing, or sampling any or all of the materials… The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

The Sixth Circuit has recognized the confidential nature of personnel records. *See Knoll v. American Tel. & Tel. Co.* 176, F.3d 359, 365 (6th Cir. 1999.) (upholding a protective order limiting discovery of non-party personnel records.) The court in *Knoll* discussed the sensitive nature of material in personnel records, explaining that such records are likely to contain "highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims." *Id.* Where such records are requested "the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information." *Id.*, citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2370 at 559 (2d ed. 1995). Even where a requestor seeks personnel records of a party, the scope may be limited. *Stewart v. Orion Federal Credit Union*, 285. F.R.D. 395 (W.D. Tenn. 2012.) (granting a protective order limiting discovery of plaintiff's personnel records temporally and prohibiting discovery of records from non-party potential employers.)

"The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P.26(b)(1)." *Laborers Pension*

*Trust Fund v. CRS Poured Concrete*, No. 04-CV-74714-DT, 2006 WL 3804912 at *2 (E.D. Mich. 2006). See also *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) citing *Transcor Inc. v. Furney Charters, Inc*. 212 F.R.D. 588, 591 (D. Kan. 2003).

Fed. R. Civ. P. 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense… Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

It is well established that "non-parties may raise relevancy objections to subpoenas." *Laborers Pension Trust Fund v. CRS Poured Concrete*, 2006 WL 3804912 at *5. (denying motion to compel non-party production of confidential records because non-party met burden to show documents were irrelevant to the litigation.); citing *Builders Ass'n of Greater Chicago v. City of Chicago*, 2001 WL 664453, *7-*8 (concluding that "non-party movants and objectors have standing on their own behalf to challenge the relevance of the materials sought in the subpoenas…"); *Compaq Computer Corp. v. Packard Bell Electronics*, Inc. 163 F.R.D. 329, 335 (N.D. Ca. 1995) (dismissing an argument that "a non-party lacks standing to assert non-relevance in seeking to squash a subpoena.) *Fein v. Numex Corp*., 92 F.R.D. 94, 96 (S.D.N.Y 1981) (finding non-party standing to object on the basis of relevancy because the Federal Rules of Civil Procedure limit discovery to relevant matters and make no distinction between information in the hands of parties or non-parties.) "Where the discovery sought appears 'relevant on its face, the party resisting the discovery has the burden to establish lack of relevance' but 'when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.'" *Hendricks v. Total Quality Logistics,* 275 F.R.D. at 253, citing *Transcor Inc. v. Furney Charters, Inc*. 212 F.R.D. at 591.

4

The subpoena at issue seeks personnel records of three non-party witnesses who are employees of the Shelby County District Attorney General's Office. The three named persons; Thomas Henderson, Jennifer Nichols, and Byrce (sic) Hulon Phillips are each employed as Assistant District Attorneys General. Neither the individuals whose personnel records Plaintiffs seek to obtain, nor the Shelby County District Attorney General's office are named or otherwise mentioned in any manner within Plaintiffs' Complaint. Plaintiffs' Complaint wholly fails to state or allege any fact establishing relevance of personnel records which the courts have recognized to contain confidential information.

## CONCLUSION

WHEREFORE, the Shelby County District Attorney's Office hereby objects to the subpoena for the production of the records requested in Plaintiffs' subpoena.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General & Reporter


/s/ Brooke K. Schiferle
BROOKE K. SCHIFERLE
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-6023
B.P.R. No. 033659

**CERTIFICATE OF SERVICE**

I certify that the foregoing notice was filed and served electronically to Pamela Moses on the 26th day of August, 2015, with the Court's electronic filing system.

/s/ Brooke K. Schiferle
Assistant Attorney General