# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAMELA MOSES and TAJ' MOSES, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>PHYLLIS GARDNER and JANE or JOHN )<br>DOE, )<br>    Defendants. ) | No. 14-cv-2706-SHL-dkv |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Chief Magistrate Judge Diane K. Vescovo's (the "Chief Magistrate Judge") Report and Recommendation for *Sua Sponte* Dismissal of First Amended Complaint (ECF No. 54), filed October 11, 2016. The Magistrate Judge recommends dismissing Plaintiffs' claims against Judge Phyllis Gardner ("Judge Gardner") as barred by the doctrine of absolute immunity. (Id. at 16-28.) In the alternative, the Magistrate Judge recommends dismissing Plaintiffs' federal law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and declining to exercise supplemental jurisdiction over Plaintiffs' common law claims. (Id. at 29-47.) Plaintiff Pamela Moses ("Moses") filed her Objection to the Chief Magistrate Judge's Report and Recommendation, together with accompanying exhibits, on October 28, 2016. (ECF No. 56.) For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (hereinafter, the "Report") and **DISMISSES** Moses's First Amended Complaint (ECF No. 10).[1]

---

[1] On March 30, 2015, Moses filed a Pro se Motion to Amend Complaint and/or Hold Case in Abeyance Pending for Amending of Complaint or Motion to Leave for Second Amended Complaint. (ECF No. 18.) On June 1, 2015, Moses filed another Pro se Motion for Leave to File Amended Complaint and Memorandum of Law in Support. (ECF No. 23.) Thereafter, on July 22, 2015, Moses filed a Pro se Amended Complaint. (ECF No. 32.) However, the Chief Magistrate Judge denied Moses's request to amend her complaint a second time, finding that it would be futile. (ECF No. 54 at 50-54.) Having reviewed the proposed Amended Complaint, this Court agrees with the Chief Magistrate Judge's ruling. Moses generally alleges the same facts and causes of action, but seeks to add Allied

I.  **STATEMENT OF THE CASE**

On September 12, 2014, *pro se* Plaintiffs Pamela Moses and Taj' Moses[2] filed a Complaint against Defendants Judge Phyllis Gardner ("Judge Gardner") and Jane or John Doe, alleging common law claims of slander, libel, defamation, false light invasion of privacy, malicious prosecution, wrongful use of civil proceedings, invasion of privacy, conspiracy, interference with contract and economic advantage and intentional infliction of emotional distress. (Compl., ECF No. 1.) Plaintiffs' First Amended Complaint (ECF No. 10), filed October 7, 2014, added federal law claims pursuant to 28 U.S.C. § 1981 and 1983.

Moses appears to base much of the First Amended Complaint on a September 8, 2014, Petition for Order of Protection, filed by Judge Gardner in the General Sessions Court of Shelby County, Tennessee. (ECF No. 1-1.) In support of the Petition, Judge Gardner indicated that Moses had stalked her and described seven instances of conduct that made the Judge "feel terrorized, frightened, intimidated, and threatened." (Id.) Specifically, Judge Gardner asserted that:

> 1.  After Respondent was held in contempt of court for impersonating someone else [on February 19, 2014], she became combative and refused to leave Petitioner's courtroom. While in police custody thereafter, Respondent escaped . . . .
>
> 2.  Respondent started a Facebook page titled "Don't Re-Elect Judge Phyllis Gardner" on which she has a picture of Petitioner against a backdrop of individuals wearing Ku Klux Kland robes . . . . Respondent's conduct caused members of the legal community to contact Petitioner because they feared for her safety, citing Moses's prior felony conviction for aggravated assault, her mental health history, substance abuse, violent anger issues, and ready access to firearms . . . .

---

Barton Security Services LLC ("Allied Barton") as a defendant in this action. However, her allegations against Allied Barton are barred by res judicata, see Pamela J. Moses v. Shelby County Government, et al., Case No. 2:16-cv-2253-JDT-dkv, ECF No. 15, and, further, do not withstand scrutiny under Rule 12(b)(6).

[2] Taj' Moses is Pamela Moses's minor son, and, as such, is an improper Plaintiff on his own. As a non-attorney, Moses may appear *pro se* on her own behalf, but she cannot represent her son. See Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002). For this reason, the Court declines to consider Taj' Moses's claims improperly brought by Moses.

> 3. While Petitioner was campaigning during early voting, Respondent approached Petitioner and her group of supporters, got very close to Petitioner, and began yelling loudly, causing quite a disturbance. Petitioner's supporters were frightened and feared for Petitioner's safety. . . .
>
> 4. Following the creation of the above-referenced Facebook page, Respondent has repeatedly posted false statements regarding Petitioner. For example, Respondent used the Facebook page to state, "If you Vote for Re-elect Judge Phyllis Gardner you are voting for Slavery and official oppression. Please don't vote for her." . . .
>
> 5. Respondent has been handing out flyers containing inflammatory statements on the steps of the Shelby County Courthouse . . . with the heading "Remove Phyllis Gardner from Office." . . .
>
> 6. Respondent attempted to enter the swearing-in ceremony for recently elected judges, and she was barred from doing so due to her engaging in loud and disruptive behavior. Officer Sneed barred Respondent from the courtroom, and afterwards, Respondent began loudly proclaiming "Don't shoot me!" . . .
>
> 7. Respondent has filed multiple, groundless civil complaints against Petitioner (or naming Petitioner as a party). Respondent's efforts to attack Petitioner through her abuse of the legal system, her violent criminal background, and her ongoing belligerent behavior has caused Judge Gardner to feel terrorized, frightened, intimidated, and threatened.

(Id.)

Moses alleges that these and other, unspecified false statements amounted to "slander and blatant lies" that damaged her reputation, brand and family name, as well as caused her to lose employment, be falsely targeted as a terrorist and fear for her life and the life of her child. (ECF No. 1 at 2; ECF No. 10 at 7.) Moreover, Moses asserts that Judge Gardner has conspired with members of the Shelby County Sheriff's office to follow her; that she has made false statements to officers that Moses "squats in houses and is a sovereign citizen," that she has instructed officers to illegally detain her, that she has instructed officers to prevent her from entering public buildings; and that she has used her judicial power to harass her. (ECF No. 10 at 4-5.) Finally, according to Moses, Judge Gardner engaged in retaliatory conduct against her in violation of the

3

First Amendment because Moses "appeal[ed] her cases and fil[ed] complaints with the Board of the Judiciary." (Id. at 7.)

## II. STANDARD OF REVIEW

When a *pro se* plaintiff has been granted leave to proceed *in forma pauperis*, the court is required to screen the complaint and dismiss it, or any portion thereof, if the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S. C. § 1915(e)(2). A district court has the power to dismiss a complaint, *sua sponte*, for failure to state a claim so long as the plaintiff is "afford[ed] . . . some opportunity to address the perceived shortcomings in the complaint." Morrison v. Tomano, 755 F.2d 515, 517 (6th Cir. 1985) (citing Tingler v. Marshall, 716 F.2d 1109, [pincite] (6th Cir. 1983)).

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636(b)(1)(B). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 149 (1985). "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, 2016 WL 4261761, at *1 (E.D. Kent. August 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

**III.     ANALYSIS**

The Chief Magistrate Judge recommends dismissing Plaintiffs' claims against Judge Gardner as barred by the doctrine of absolute immunity. (ECF No. 54 at 16-28.) Addressing a threshold issue, the Chief Magistrate Judge properly construed Moses's claims as personal capacity claims because (1) "Moses does not name Shelby County, Tennessee, as a defendant in the suit and does not set forth any claims against Shelby County[;]" (2) "Moses does not allege that any policy or custom of Shelby County played a part in her alleged violations of federal law[;]" and (3) "Moses also requests punitive damages . . . which is a strong indicator that the claims are asserted against Judge Gardner in her personal capacity because municipalities are immune from punitive damages under § 1983." (Id. at 17-18.)

The Chief Magistrate Judge then found that Judge Gardner is immune from these claims because "a judge is absolutely immune from civil suits for money damages" unless her "actions [are] not taken in the judge's judicial capacity[.]" (Id. at 19-20.) In finding that Judge Gardner was acting in her judicial capacity, the Chief Magistrate Judge noted that Judge Gardner petitioned for an order of protection because she "reasonably perceive[d] a threat to [ ] herself arising out of [her] adjudicatory conduct[.]" (Id. at 25.) In the alternative, the Magistrate Judge recommends dismissing Moses's federal law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and declining to exercise supplemental jurisdiction over Moses's common law claims. (Id. at 29-47.)

While difficult to parse, the Court has identified several objections to the Report in Moses's October 28, 2016, filing. Moses specifically challenges the Chief Magistrate Judge's conclusions regarding judicial immunity and her First Amendment claim. (ECF No. 56.) Additionally, Moses challenges the Report's characterization of the facts in this case and the

Chief Magistrate Judge's decision to consider certain factual information not included in the pleadings. (Id.) However, because the Court agrees with the Magistrate Judge that Moses's First Amended Complaint fails to state a federal claim upon which relief may be granted, it need not reach the issue of judicial immunity or the accuracy and/or appropriateness of the challenged findings of fact.

Based on a review of Moses's First Amended Complaint (ECF No. 10), the Court can discern allegations of five (5) federal claims—(1) discrimination based on race; (2) conspiracy to interfere with civil rights; (3) malicious prosecution in violation of the Fourth Amendment; (4) civil RICO; and (5) retaliation in violation of the First Amendment.[3] Of these federal claims, Moses objects with the necessary specificity only to the Magistrate Judge's conclusion that her First Amendment claim fails to state a claim. Therefore, having reviewed the Report's recommendations regarding the other federal claims, except civil RICO which is discussed below, the Court finds no clear error.

As for her First Amendment claim, Moses argues that the "[f]reedom to criticize public officials and expose their wrongdoing is at core of First Amendment values, even if conduct is motivated by personal pique or resentment" (ECF No. 56 ¶ 73), and she objects to the Magistrate Judge's finding that "Moses has not sufficiently alleged that Moses's criticism of Judge Gardner was a 'substantial' or 'motivating' factor in Judge Gardner's conduct" (ECF No. 54 at 35). (See ECF No. 56 ¶ 77.) However, the Court agrees with the Chief Magistrate Judge that Moses has failed to plead her First Amendment claim with sufficient particularity to survive dismissal at

---

[3] While the First Amended Complaint also contains a list of additional purported federal causes of action, each of those fails because it is insufficiently tethered to factual underpinnings necessary to establish a plausible claim for relief. See, e.g., Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citations omitted).

this stage. While Moses alleges that Judge Gardner "has willfully engaged in retaliatory conduct against Plaintiff that has affected her adversely {for trying to appeal her cases and filing complaints with the Board of Judiciary and being witnesses against Defendant}[,]" it is not at all clear when Moses's protected speech occurred in relation to Judge Gardner's allegedly retaliatory conduct, if it occurred at all. (ECF No. 10 ¶ 28.) Indeed, the numerous accusations contained in the First Amended Complaint are largely shapeless, lacking dates or the logical cohesion necessary for the Court to plausibly infer that Judge Gardner was motivated by a desire to strike back against Moses's protected speech. While "[p]*ro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011), it is not the job of the Court to cycle through every conceivable combination of facts when determining whether a plausible claim for relief exists. See, e.g., Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted). For this reason, the Court finds that Moses has failed to state a plausible claim for retaliation in violation of the First Amendment.

Moses also cursorily objects to the Chief Magistrate Judge's conclusions regarding Moses's civil RICO claim. (ECF No. 56 ¶ 7 ("[T]he gist of the RICO allegations . . . deal with the fact that . . . the Defendant organized others to cover up the crimes she committed against both Plaintiffs.").) While it is unlikely that this general objection, which simply restates Moses's claim without specifically disputing any finding of fact or conclusion of law contained in the Report, warrants *de novo* review, the Court will consider it out of an abundance of caution.

The Court agrees with the Chief Magistrate Judge that the First Amended Complaint fails to establish a plausible claim for relief under civil RICO. Section 1962(c) of RICO makes it

unlawful "for any person . . . associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." An essential element of any civil RICO claim is a showing that "there were two or more predicate offenses." Frank v. D'Ambrosi, 4 F.3d 1378, 1385 (6th Cir. 1993). The predicate offenses that amount to "racketeering activity" are identified in 18 U.S.C. § 1961(1). Thus, to establish a pattern of racketeering activity, a plaintiff must allege at least two predicate offenses that amount to or pose a threat of continued criminal activity. Brown v. Cassens Transp. Co., 546 F.3d 347, 354 (6th Cir. 2008). Because Moses has failed to identify even a single predicate offense, she has failed to state a claim upon which relief may be granted. In addition, it is axiomatic that a civil RICO claim alleging racketeering activity with a single objective and a single victim is not sufficient to establish a pattern of racketeering activity, as it does not sufficiently evidence long-term criminal conduct. See, e.g., Vemco, Inc. v. Camardella, 23 F.3d 129, 135 (6th Cir. 1995) ("We cannot conclude that [Plaintiff's] alleged actions here, involving a single victim and a single scheme for a single purpose over seventeen months, constitute the type of 'long-term criminal conduct' Congress sought to prohibit with RICO.")

The Court has reviewed the remainder of the Report for clear error and finds none. The adoption of the Report results in the dismissal of all of Moses's federal law claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Brooks v. Rother, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (internal quotations omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation. Therefore, Plaintiff Pamela Moses's federal claims against Judge Gardner are hereby **DISMISSED WITH PREJUDICE**, and the state law claims as well as Plaintiff Taj' Moses's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 12th day of April, 2017.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          UNITED STATES DISTRICT JUDGE